IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAYMONDO ELARIO MEDINA,

    Plaintiff,

v.                                                                                                                    Civ. No. 17-589 SCY

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

    Defendant.

## **ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE OR REMAND**

THIS MATTER comes before the Court on Plaintiff Raymondo Elario Medina's Motion to Remand to Agency for Rehearing (Doc. 22). For the reasons discussed below, the Court GRANTS Plaintiff's Motion and remands for proceedings consistent with this Opinion.

### I. Background

On June 6, 2013, Plaintiff protectively filed a Title II application for a period of disability, and disability insurance benefits, as well as a Title XVI application for supplemental security income. AR 10. Plaintiff claimed disability due to bipolar disorder, venous insufficiency, pinched nerve in back, seizures, sleep apnea, type 2 diabetes, torn rotator cuff on right shoulder, lower back pain, knee pain, and chronic inner thigh infections. AR 76. Plaintiff claimed a disability onset date of December 1, 2011. AR 75-76. Plaintiff's claims were initially denied on September 25, 2013, and upon reconsideration on August 8, 2014. AR 10. On August 19, 2016, Plaintiff filed a written request for a hearing. AR 10. The hearing was held on January 7, 2016. On February 26, 2016, the ALJ issued his decision finding Plaintiff not disabled. AR 22.

Because the parties are familiar with the record in this case, the Court will reserve discussion of Plaintiff's relevant medical history for its analysis.

## I. Applicable Law

### A. Disability Determination Process

A claimant is considered disabled for purposes of Social Security disability insurance benefits if that individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Commissioner has adopted a five-step sequential analysis to determine whether a person satisfies these statutory criteria. *See* 20 C.F.R. § 404.1520. The steps of the analysis are as follows:

(1) Claimant must establish that she is not currently engaged in "substantial gainful activity." If claimant is so engaged, she is not disabled and the analysis stops.

(2) Claimant must establish that she has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that has lasted for at least one year. If claimant is not so impaired, she is not disabled and the analysis stops.

(3) If claimant can establish that her impairment(s) are equivalent to a listed impairment that has already been determined to preclude substantial gainful activity, claimant is presumed disabled and the analysis stops.

(4) If, however, claimant's impairment(s) are not equivalent to a listed impairment, claimant must establish that the impairment(s) prevent her from doing her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. § 404.1545(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* § 404.1545(a)(3). Second, the ALJ determines the physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled and the analysis stops.

(5) At this point, the burden shifts to the Commissioner to show that claimant is able to

> "make an adjustment to other work." If the Commissioner is unable to make that
> showing, claimant is deemed disabled. If, however, the Commissioner is able to make
> the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

### B. Standard of Review

A court must affirm the denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991). In making these determinations, the reviewing court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, *Casias*, 933 F.3d at 800, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

Similarly, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence

in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at 1010.

**II.    Analysis**

Plaintiff raises two issues for review. Plaintiff first contends that the ALJ failed to include all of Plaintiff's functional limitations in his RFC finding. Doc. 22 at 1. More specifically on this point, Plaintiff argues that the ALJ erred in his evaluation of Dr. Ward's and Dr. Steinman's opinions, failed to account for Plaintiff's obesity, failed to account for Plaintiff's mental limitations, and erred in his credibility assessment. Second, Plaintiff contends that the ALJ erred at Step Five of his decision. Doc. 22 at 2. On this point, Plaintiff contends that the ALJ erred by only offering two jobs in support of his finding that Plaintiff could perform other occupations, erred in his assessment that these jobs exist in sufficient numbers in the local or national economy, and erred in relying on the vocational expert's testimony. Because the Court agrees with Plaintiff's contention that the ALJ failed to resolve an inconsistency between the RFC and the reasoning levels required for the two occupations the ALJ found Plaintiff could perform, the Court will remand this case.

In relevant part, the RFC provided that Plaintiff is unable to "perform complex work." AR 15. In briefing, both parties appear to agree that this restriction is functionally a restriction to simple or unskilled work. *See* Doc. 24 at 19. During the hearing, the ALJ inquired whether there were jobs available for an individual with Plaintiff's RFC. Doc. 71. The vocational expert testified that there were two jobs available: document specialist, DOT 249.587-018, and call-out operator, DOT 237.367-014. Doc. 71. Both of these positions contain a GED reasoning level of three.

In *Hackett v. Barnhart*, the Tenth Circuit determined that a limitation to simple or unskilled work appears inconsistent with the demands of Level-3 reasoning. 395 F.3d at 1176. The Tenth Circuit went on to hold that an ALJ may not conclude that a claimant who is restricted to simple work can perform a Level-3 job without addressing this conflict. *Id.* Such an "inconsistency requires remand so that the ALJ can address the apparent conflict between [the plaintiff's] inability to perform more than simple and repetitive tasks and the level-three reasoning required by the jobs identified as appropriate for her [or him] by the VE." *Brown-Mueller v. Colvin*, No. 13-537, 2015 U.S. Dist. Lexis 38418, at *8-9 (D. Colo. Mar. 25, 2015).

Defendant does not contend that no conflict existed between the vocational expert's testimony and the RFC or that the ALJ appropriately resolved such a conflict. Defendant instead argues that the Tenth Circuit has issued conflicting decisions concerning the significance of GED reasoning levels. While acknowledging *Hackett*, Defendant highlights unpublished Tenth Circuit decisions indicating that GED reasoning levels "do not describe specific mental or skill requirements of a particular job" but instead describe "the general educational background that makes an individual suitable for the job." *Anderson v. Colvin*, 514 Fed. App'x 756, 764 (10th Cir. 2013); *see also Mounts v. Astrue*, 479 Fed. App'x 860, 868 (10th Cir. 2012) (stating that GED reasoning levels are "the level of formal and informal education required to perform a specific job"). Defendant accordingly contends that the Court should adopt the reasoning of *Anderson* and *Mounts*.

The Court has addressed this conflict before. In *Castillo v. Colvin*, the Court acknowledged *Anderson* but determined that because it was an unpublished decision, it did not obviate the Court's responsibility to follow *Hackett*. Civ. No. 14-978, Doc. 27 at 13 n.3 (D.N.M. Jan. 5, 2016). The Court further stated that although the defendant raised a "number of valid

points apparently not considered in *Hackett*…these points amount to an argument that *Hackett* was wrongly decided and do nothing to address whether *Hackett* is controlling." *Id.* at 12. The Court emphasized that under *Hackett* "when a claimant is limited to simple tasks, the ALJ must address a claimant's ability to perform Level-3 work in a factually specific manner." *Id.* The Court accordingly held that "even if the Court were to accept Defendant's argument that an ALJ may disregard the GED reasoning level in deciding whether an educated individual like [claimant] has to ability to work in a given occupation, the Court would still have to remand to allow the ALJ to engage in the analysis of whether doing so in this case is appropriate." *Id.* at 13.

In the present case, the ALJ did not address the apparent conflict between the RFC and the vocational expert's testimony that Plaintiff could perform two jobs with a reasoning level of three. Having rejected Defendant's argument that the Court should follow *Anderson* and *Mounts*, the Court concludes that remand is required in order for the ALJ to resolve the inconsistency between the RFC and the occupations the ALJ found Plaintiff could perform.

**Conclusion**

For the foregoing reason, the Court GRANTS Plaintiff's Motion to Remand to Agency (Doc. 22).

_____
UNITED STATES MAGISTRATE JUDGE
Sitting by Consent

6